**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40444
Summary Calendar

ALLEN TYRONE ROBINSON

Plaintiff - Appellant

VERSUS

DEVIN MUSSELMAN, Lieutenant, Coffield Unit

Defendant - Appellee

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CV-176)
April 23, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Robinson, a state prisoner, appeals the dismissal of his civil rights suit requesting a jury trial and asserting an excessive-force claim. We vacate and remand.

The district court's dismissal was based upon fact-findings made by the magistrate judge following a hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and Flowers v. Phelps, 956 F.2d 488 (5th Cir.), modified on other grounds, 964 F.2d 400 (5th Cir. 1992).

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Robinson argues that he was denied his right to have his case tried by a jury and we agree.  He raised this issue in his objections to the magistrate judge's Report and Recommendation.  The district court overruled the objection in reliance upon <u>Casperone v. Landmark Oil and Gas Corp.</u>, 819 F.2d 112, 116 (5th Cir. 1987) because Robinson failed to raise an objection at the <u>Flowers</u> hearing.  That case held that plaintiff waived a jury trial by failing to attend the pretrial conference.

The question presented is whether Robinson's failure to object at the <u>Flowers</u> hearing resulted in a waiver of his jury demand.  Our recent decision in <u>McAfee v. Martin</u>, 63 F.3d 436, 437-38 (5th Cir. 1995) shows that he did not.  On this record it is clear that the failure to object was not a knowing and voluntary waiver of the right to jury trial.  The magistrate judge described the hearing as "an expanded evidentiary hearing pursuant to <u>Flowers</u> . . ." and, as Robinson was pro se, it does not appear that he was aware of the meaning of a <u>Flowers</u> hearing.

VACATED and REMANDED.